UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCIA KAY BOOTH,

        Plaintiff,

v.

        Case Number : 09-11178-BC
        Honorable Thomas L. Ludington

DONALD ALDRICH, MICHAEL
CECCHINI, AND CITY OF BAY CITY,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALLOW EXPERT WITNESS

Plaintiff Marcia Kay Booth's March 30, 2009 complaint alleges several constitutional and common law claims, arising from an encounter with Defendant Donald Aldrich at Handy Middle School in Bay City, Michigan on March 28, 2007. A case management and scheduling order was entered on May 20, 2009, which required Plaintiff to disclose the identity of any expert witness within three business days of retaining the witness. The order further required Plaintiff to serve Defendant with an expert report and other information required by Federal Rule of Civil Procedure 26(a)(2) on or before August 31, 2009. Case Management Order ¶ II.B. On October 8, 2009, more than one month after the deadline imposed by the Court, Plaintiff retained an expert and immediately disclosed his identity to Defendants. Defendants objected to the late disclosure on October 22, 2009, but did not file a motion to prohibit the expert's testimony. On January 19, 2010, Plaintiff filed a motion [Dkt. # 16], seeking the Court's leave to allow the expert's testimony despite the fact that the expert was identified late and the required disclosures and report still had not been provided. Defendants responded on January 29, 2010 [Dkt. # 19], indicating they had still not received the required expert report and that they objected to admission of the expert's testimony.

Pursuant to Rule 26(a)(2), a party that intends to call an expert witness at trial must provide an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them"; data relied on by the expert; a summary of exhibits the expert will use; the expert's qualifications, including a list of publications and previous cases in which the expert offered testimony; and a statement of the expert's compensation. Fed. R. Civ. P. 26(a)(2)(B)(i–vi). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). More than six months have passed since the deadline imposed by the Court, and the required disclosures have still not been provided by the Plaintiff. Accordingly, Plaintiff will not be able to call the expert at trial unless she can demonstrate that the "failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff suggests that her neglect of the required expert report is harmless because there is still "plenty of time" to make the required disclosures and depose the proposed witness before the trial, which is scheduled to begin on September 14, 2010. Plaintiff further suggests that blame for missing the deadline lies with an attorney who was unfamiliar with the Federal Rules of Civil Procedure, and has since been replaced by a more qualified attorney. Importantly, Plaintiff was informed by Defendants that the required report was missing nearly five months ago, and the defect still has not been remedied. Plaintiff has not demonstrated that the "failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Accordingly, it is **ORDERED** that Plaintiff's motion to allow expert witness is **DENIED**.

It is further **ORDERED** that Plaintiff is not allowed to use Aaron J. Westrick, Ph.D., to supply evidence on a motion, at a hearing, or at trial.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 15, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS